UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sally Quinn<br><br>    Plaintiff,<br><br>v.<br><br>Northstar Location Services, LLC<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Sally Quinn, ("Sally"), is a natural person who resided in South Chicago Heights, Illinois, at all times relevant to this action.

2. Defendant, Northstar Location Services, LLC, ("NLS"), is a New York Limited Liability Company that maintained its principal place of business in Cheektowaga, New York, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, NLS collected consumer debts.

6. NLS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of NLS's revenue is debt collection.

8. NLS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, NLS contacted Sally to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Sally is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Sometime within the past year, but within the statute of limitations, NLS contacted Sally on her personal home telephone in connection with the collection of the debt.

13. NLS contacted Sally excessively. In fact, on more than one occasion, NLS contacted Sally more than once a day.

14. During one communication, Sally requested NLS cease further calls to Sally.

15. Despite this request, NLS continued to contact Sally on her personal home telephone in connection with the collection of the debt, most recently in November 2013.

16. NLS caused Sally severe emotional distress.

17. NLS attempted to collect a debt from Sally.

18. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

2

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                         RESPECTFULLY SUBMITTED,

                         Hyslip & Taylor, LLC, LPA


                         By:   /s/ Jeffrey S. Hyslip
                         One of Plaintiff's Attorneys

Date: February 11, 2014

Jeffrey S. Hyslip, Esq.
917 W. 18th Street, Suite 200
Chicago, IL 60608
312-380-6110
jeffrey@lifetimedebtsolutions.com